IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERLON EVANS                         *

          v.                          *        CIVIL ACTION NO. CCB-14-1430

TIMOTHY S. STEWART                    *

                                     ***

MEMORANDUM

After a jury trial held in the Southern District of the U.S. District Court of Florida, on November 4, 1994, Sherlon Evans ("Evans") was convicted of conspiracy to possess with intent to distribute cocaine, use of firearms in the commission of a felony, possession of unregistered firearms, and intimidation of witnesses and jurors in violation of 21 U.S.C. § 841, 18 U.S.C. § 924, 26 U.S.C. § 5861, and 18 U.S.C. § 1512. *See United States v. Evans*, Criminal No. DTKH-93-0123 (S.D. Fla.).   Judgment was entered on June 14, 1995, and Evans was sentenced to a total of 684 months in the U.S. Bureau of Prisons. *Id.*, ECF No. 316.  On September 2, 1999, the United States Court of Appeals for the Eleventh Circuit affirmed the criminal judgment.  *See United States v. Evans*, 194 F.3d 1322 (11th Cir. 1999).

According to the PACER docket, on September 26, 2001, Evans filed a 28 U.S.C. § 2255 motion to vacate in the Southern District of the U.S. District Court of Florida.  *See Evans v.  United States*, Civil No. DTKH-01-4002 (S.D. Fla.).   He raised an ineffective assistance of counsel claim premised on appellate counsel's failure to attack the trial court's failure to give a jury instruction on the *Pinkerton*[1] theory of co-conspirator liability as to his co-defendant's possession of a machine gun.  He further challenged his cocaine conviction on the ground that the indictment failed to allege the amount of cocaine involved in the offense. *Id.*, ECF No. 1.  The motion was fully briefed and denied on the merits by the district court on May 16, 2002.  *Id.*, ECF No. 24.  The Eleventh Circuit

dismissed the appeal on January 29, 2004. *Id.*, ECF No. 38; *see also Evans v. United States*, 92 F. App'x 780 (11th Cir. 2004).

In 2005, Evans was confined at the United States Penitentiary at Leavenworth, Kansas. On July 11, 2005, he filed a 28 U.S.C. § 2241 petition in the U.S. District Court for the District of Kansas, pursuant to the "savings clause" of 28 U.S.C. §2255(e).[2] Petition, *Evans v. Gallegos*, Civil Action No. RDR-05-3304 (D. Kan. July 11, 2005), ECF No. 1. He claimed the evidence was insufficient to support his thirty-year sentence for the carrying of a co-defendant's machine gun given the Supreme Court's ruling in *Castillo v. United States*, 530 U.S. 120 (2000), and the Tenth Circuit's decision in *United States v. Wiseman*, 297 F.3d 975 (10th Cir. 2002). On June 16, 2006, the district court dismissed the petition for lack of jurisdiction. *See* Order, *Evans v. Gallegos*, Civil No. RDR-05-3304 (D. Kan. June 16, 2006), ECF No. 6.

On April 7, 2014, Evans filed another 28 U.S.C. § 2241 petition challenging his judgment and sentence, again requesting relief under the "savings clause" in the Middle District of the U.S. District Court of Pennsylvania. (Pet., ECF No. 1); *see also Evans v. Stewart*, Civil Action No. YK-LQ-14-642 (M.D. Pa.). On April 23, 2014, the case was ordered transferred to this court by U.S. District Court Judge Yvette Kane, in light of Evans confinement at the Federal Correctional Institution in Cumberland, Maryland. (Order, ECF No. 4.) The case was received for filing on April 29, 2014, and assigned the above-noted case number. (ECF No. 5.) Evans seemingly attacks his 18 U.S.C. § 924 conviction and sentence on the basis of the government and federal courts' "ambiguous

---

[1]    *Pinkerton v. United States*, 328 U.S. 640 (1946).

[2]    28 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

interpretation" of § 924's application to the machine gun carried by his co-defendant.  He complains

that he was not charged with the offense and the government failed to prove his *mens rea* as to his

co-defendant's machine gun.  (Pet. at 8.)  In addition, he further claims that the Bureau of Alcohol,

Tobacco and Firearms violated the Equal Protection Clause and entrapped him.  (*Id*. at 13-17.)

The primary means of collaterally attacking a federal conviction and sentence is through a

motion pursuant to 28 U.S.C. § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A

§ 2241 petition is used to attack the manner in which a sentence is executed.  *Id.*  Thus, a § 2241

petition that challenges a federal conviction and sentence, such as Evans' filing, is properly

construed as a § 2255 motion.

In seeking § 2241 relief in this court, however, Evans argues that the § 2255 remedy is

inadequate and ineffective to test the legality of his conviction and that the savings clause of § 2255

therefore renders his § 2241 motion proper.  *See* § 2255(e).  He cites *Descamps v. United States*,

133 S.Ct. 2276 (2013),[3] and *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), in support of his

argument.  Evans may not rely, however, on the savings clause.  Section 2255 is not an inadequate

or ineffective merely because § 2255 relief has already been denied, a petitioner has been denied

permission to file a second or successive § 2255 motion, or because a second or successive § 2255

motion has been dismissed.  *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000).  Further,

this circuit has not recognized an entitlement to habeas corpus relief pursuant to the savings clause

when an inmate challenges his sentence.  *See United States v. Poole,* 531 F.3d 263, 267 n.7 (4th Cir.

---

3       The court held in *Descamps* that, when determining whether a prior conviction constitutes a
violent felony under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §
924(2)(B)(ii), federal sentencing courts may no longer apply a "modified categorical approach," when the
crime has a single, indivisible set of elements.  133 S.Ct. at 2281-82.  The Supreme Court has not declared
*Descamps* retroactive on collateral review.

2008) (citing *In re Jones,* 226 F.3d 228, 333-34 (4th Cir. 2000) (outlining only the circumstances in which § 2255 is inadequate or ineffective to test the legality of a conviction)  "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241."  *Boynes v. Berkebile*, 2012 WL 1569563, at *6 (S.D. W.Va. 2012).   The fact that relief under § 2255 is barred procedurally or under the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective.  *See In re Jones,* 226 F.3d at 333; *see also In Re Vial,* 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (noting that a § 2255 action is not an inadequate or ineffective remedy merely because it is unsuccessful, untimely, or successive).   Otherwise, the rule prohibiting second and successive § 2255 motions, *see* 28 U.S.C. § 2255(h), would be rendered meaningless.

As noted, Evans filed a previous § 2255 motion that was dismissed on the merits by the U.S. District Court in Florida.   The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Evans has provided no evidence that he has secured this necessary authorization from the Eleventh Circuit.   That circuit court must first enter an order authorizing the successive filing before this court can examine the merit of his claims. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The Eleventh Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order which include the procedural requirements and deadlines for filing the motion.  The Clerk shall provide a packet of instructions promulgated by the Eleventh Circuit which addresses the procedure to be followed should Smith wish to seek authorization to file a successive § 2255 motion.  It is to be emphasized that Evans must file the motion with the Eleventh Circuit and obtain authorization to file his successive motion.[4]

Evans has no absolute entitlement to appeal the dismissal of his § 2241 petition.  *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *Id.* at § 2253(c)(2). Evans "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  The court declines to issue a certificate of appealability because Evans has not made the requisite showing.  A separate order follows dismissing this petition without prejudice and closing the case.


Date: May 7, 2014                        _____/s/_____
                                         Catherine C. Blake
                                         United States District Judge

---

[4]         The Eleventh Circuit is located at Elbert P. Tuttle Court of Appeals Building, 56 Forsyth Street, N.W., Atlanta, Georgia 30303.